# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                                                         No. CR 05-918 JB

CARLOS RODRIGUEZ-FUENTES,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Objections to the PSR, filed January 27, 2006 (Doc. 37). The Court held a hearing on these objections on March 30, 2006. The primary issues are whether: (i) the United States has sufficiently proven the existence of the prior felony conviction; (ii) the United States has sufficiently proven that the underlying conviction was for a "drug trafficking" offense under United States Sentencing Guideline § 2L1.2(b)(1)(B); (iii) a defendant convicted of a felony, sentenced to straight probation, without any pre-sentence confinement and without any subsequent probationary revocation is a sentence imposed less than 13 months pursuant to U.S.S.G. § 2L1.2(b)(1)(B); and (iv) a defendant's felony conviction, with a sentence of straight probation, without any pre-sentence confinement and without any subsequent probationary revocation is an aggravated felony pursuant to § 2L1.2(b)(C).

The Court finds that the United States has sufficiently proven, by a preponderance of the evidence, the existence of the felony conviction. The Court also finds that the charging documents prove that the underlying conviction was a drug trafficking offense. Additionally, the Court finds that a sentence imposed of probation is not a sentence of imprisonment less than 13 and thus a twelve-

level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(B) is not appropriate.  Finally, the Court finds

that Rodriguez-Fuentes' previous conviction was an aggravated felony pursuant to § 2L1.2(b)(1)(C).

## PROCEDURAL BACKGROUND

The United States Probation Office for the District of New Mexico disclosed the Pre-Sentence

Investigative Report ("PSR") to all parties on December 6, 2005.  Paragraph 9 on page 3 of the PSR

states:

> Specific Offense Characteristic: Pursuant to U.S.S.G. § 2L1.2(b)(1)(B), if the
> defendant previously was deported, or unlawfully remained in the United States, after
> a conviction for a felony drug trafficking offense for which the sentence imposed was
> 13 months or less, increase by 12 levels.  On January 21, 2003, the defendant pled
> guilty to Possession with Intent to Distribute a Controlled Substance, a felony, as
> charged in El Paso County District Court, Colorado Springs, Colorado, Case No.
> 2002CR3853.  He received a sentence of 6 years probation and was subsequently
> deported to Mexico on February 8, 2003; therefore, a 12 level increase applies.

The PSR then added 12 levels to the base offense level of 8.

On December 30, 2005, Rodriguez-Fuentes' counsel submitted a facsimile transmission titled

Objections to the PSR.  Rodriguez-Fuentes objected to the 12-level increase applied in paragraph 9

on page 3 of the PSR.  See Objections to the PSR ¶ 1, at 1-2, filed January 27, 2006 (Doc. 37).

Specifically, Rodriguez-Fuentes asserted that he should not receive a 12-level increase because he

received a sentence of 6 years probation.  See id.  In addition, Rodriguez-Fuentes added that he

cannot be assessed an 8-level increase for being convicted of an aggravated felony because the

Colorado state court did not impose a period of incarceration.  See id. ¶ 2, at 2-3.  Further,

Rodriguez-Fuentes contended that Probation did not have the appropriate documentation available

to prove his prior conviction.  See id.

On January 6, 2006, the Probation Office submitted an Addendum to the PSR.  See

Addendum to the PSR.  The PSR indicated that, on January 4, 2006, Probation contacted the court of record and verified Rodriguez-Fuentes' sentence.  See id. at 1.  He was sentenced to a term of 6 months probation with no sentence of incarceration.  See id.  Probation therefore concluded that Rodriguez-Fuentes should not receive a 12-level increase pursuant to U.S.S.G. § 2L1.2(b)(1)(B). See id.

Probation also concluded, however, that Rodriguez-Fuentes had been convicted of a felony and that he was therefore entitled to a 4-level increase pursuant to U.S.S.G. § 2L1.2(b)(1)(D).  See id.  Probation stated that the increase was warranted based on verification documents from the court of record.  See id.  Probation attached those documents to the Addendum.  See Official Court Record The People of the State of Colorado v. Miguel Martinez and Carlos Martinez-Fuentes, Criminal Action Number 02 CR 3853 ("Martinez-Fuentes"); Information for Preliminary Procedure, Martinez-Fuentes, filed September 26, 2002; Probable Cause Affidavit, Martinez-Fuentes (dated September 25, 2002).

Probation noted for the Court that the United States Court of Appeals for the Tenth Circuit has addressed the constitutional validity of prior convictions, citing United States v. Reed, 153 F.3d 729 (10th Cir. 1998).  See Addendum to the PSR at 1.  Probation asserted that the Tenth Circuit in United States v. Reed, citing United States v. Simpson, 94 F.3d 1373, 1380 (10th Cir. 1996), reaffirmed that a certified docket sheet establishes, by a preponderance of the evidence, that a conviction is valid, absent any evidence to the contrary by the defendant.  See id.  Based on this evaluation, Probation asserted that Rodriguez-Fuentes' total offense level would be 10 and that an offense level 10 with a criminal history of II results in a Guidelines imprisonment range of 8 to 14 months.  See id.

-3-

On January 13, 2006, Probation submitted a Second Addendum to the PSR.  See Second Addendum to the PSR.  Probation first stated that it erred in the Addendum by indicating that Rodriguez-Fuentes received a 6-month term of probation when he was sentenced to a 6-year term of probation.  See id.  Probation then stated it appeared that, pursuant to U.S.S.G. § 2L1.2(b)(1)(B), Rodriguez-Fuentes is entitled to a 12-level enhancement for a probation sentence.  See id.

Probation referred to Application Note 1(A)(vii) and Appendix C, Volume II, Amendment 632 of the United States Sentencing Guidelines, in which the Sentencing Commission recognized there were some concerns regarding the application of U.S.S.G. § 2L1.2.  See id.  The Commission clarified in the "Reasons for Amendment" section that a conviction for "a drug trafficking offense for which the sentence imposed exceeded 13 months" qualifies for a 16-level enhancement and "other felony drug trafficking offenses will receive a 12-level enhancement."  Id.  Based on this evaluation, Probation stands by its original application of a 12-level enhancement, as outlined in the PSR.  See id.

In his Objections to the PSR before the Court, Rodriguez-Fuentes objects to paragraph 9 on page 3 of the PSR and its addendum.  See Objections to the PSR at 1.  Specifically, Rodriguez-Fuentes objects to the 12-level increase under § 2L1.2(b)(1)(B).  See id. ¶ 1, at 1-2.

## LAW RELEVANT TO DETERMINING A GUIDELINE SENTENCE

### A.   EXISTENCE OF PRIOR CONVICTION.

"In seeking a sentencing enhancement for a prior conviction or sentence, the government has the burden of showing its existence; the burden then shifts to the defendant to show the conviction or sentence was invalid or otherwise improperly considered."  United States v. Pham, 78 Fed. Appx. 86, 90 (10th Cir. 2003)(citing United States v. Windle, 74 F.3d 997, 1001 (10th Cir. 1996)).  See

United States v. Herrman, No. 96-3076, 1996 U.S. App. LEXIS 27842, at *2-3 (10th Cir. October 28, 1996)("The government has the initial burden of proof by a preponderance of the evidence that an enhancement applies to the defendant.")(citing United States v. Rutter, 897 F.2d 1558, 1560 (10th Cir. 1990)). "[A] certified docket sheet is adequate, absent some contradictory evidence by the defendant, to establish the existence of a prior conviction for this sentencing purpose." United States v. Simpson, 94 F.3d 1373, 1381 (10th Cir. 1996)(citing United States v. Dickens, 879 F.2d 410 (8th Cir. 1989)).

**B.    U.S.S.G. § 2L1.2: UNLAWFULLY ENTERING OR REMAINING IN THE UNITED STATES.**

U.S.S.G. § 2L1.2 provides in relevant part:

(1)    Apply the Greatest:

If the defendant previously was deported, or unlawfully remained in the United States, after–

(A)    a conviction for a felony that is (i) a drug trafficking offense for which the sentence imposed exceeded 13 months . . . , increase by **16** levels;

(B)    a conviction for a felony drug trafficking offense for which the sentence imposed was 13 months or less, increase by **12** levels;

(C)    a conviction for an aggravated felony, increase by **8** levels;

(D)    a conviction for any other felony, increase by **4** levels . . . .

The Guidelines define and clarify "sentence imposed" under § 2L1.2's application note 1(B)(vii) by providing:

"Sentence imposed" has the meaning given the term "sentence of imprisonment" in Application Note 2 and subsection (b) of § 4A1.2 (Definitions and Instructions for Computing Criminal History), without regard to the date of the conviction. The

length of the sentence imposed includes any term of imprisonment given upon revocation of probation, parole, or supervised release.

Under § 4A1.2(b), "sentence of imprisonment" is defined as:

(1)   The term "sentence of imprisonment" means a sentence of incarceration and refers to the maximum sentence imposed.

(2)   If a part of a sentence of imprisonment was suspended, "sentence of imprisonment" refers only to the portion that was not suspended.

Section 4A1.2's application note 2 states: "To qualify as a sentence of imprisonment, the defendant must have actually served a period of imprisonment on such sentence (or, if the defendant escaped, would have served time)."

U.S.S.G. § 2L1.2 previously provided only for a 16-level enhancement for a conviction of an aggravated felony, and a 4-level enhancement for any other felony offenses.  See Amendment 632, Appendix C-Volume II to the United States Sentencing Commission Guidelines Manual at 218 (November 1, 2003).  Section 2L1.2 was amended

to provid[e] a more graduated sentencing enhancement of between 8 levels and 16 levels, depending on the seriousness of the prior aggravated felony and the dangerousness of the defendant.  In doing so, the Commission determined that the 16-level enhancement is warranted if the defendant previously was deported, or unlawfully remained in the United States, after a conviction for certain serious offenses, specifically, a drug trafficking offense for which the sentence imposed exceeded 13 months . . . .  Other felony drug trafficking offenses will receive a 12-level enhancement.  All other aggravated felony offenses will receive an 8 level enhancement.

Id.

## C.   DRUG TRAFFICKING OFFENSE AND CATEGORICAL APPROACH.

The Guidelines define "drug trafficking offense" as "an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of a controlled

substance (or a counterfeit substance) or the possession of a controlled substance (or counterfeit substance) with intent to manufacture, import, export, distribute, or dispense."  U.S.S.G. § 2L1.2, Application Note 1B(iv).

The United States Court of Appeals for the Tenth Circuit has found that the language in the drug trafficking offense definition -- "that prohibits" -- directs a court to look at what the state law prohibits rather than at the defendant's underlying conduct.  United States v. Herrera-Roldan, 414 F.3d 1238, 1241 (10th Cir. 2005).  The Tenth Circuit therefore applies the categorical approach in determining whether a defendant's prior conviction was a "drug trafficking offense."  Id.; United States v. Garza-Lopez, 410 F.3d 268, 273 (5th Cir. 2005)(applying the categorical approach to the definition of "drug trafficking offense" under U.S.S.G. 2L1.2(b)(1)); United States v. Navidad-Marcos, 367 F.3d 903, 907-908 (9th Cir. 2004)(also applying the categorical approach to the definition of "drug trafficking offense").  See United States v. Martinez-Hernandez, 422 F.3d 1084, 1088 (10th Cir. 2005)(recognizing the Tenth Circuit's use of the categorical approach to the definition of "drug trafficking offense" and applying the categorical approach to functionally identical language in the definition of "firearms offense").

The Tenth Circuit in United States v. Treto-Banuelos, No. 05-3074, 2006 U.S. App. LEXIS 3053 (10th Cir. February 7, 2006), described the categorical approach:

> Under the categorical approach, we look to the terms of the underlying statute of conviction rather than the actual facts underlying the conviction. In certain circumstances, however, the categorical approach permits courts to look beyond the statute of conviction.  When the underlying statute reaches a broad range of conduct, some of which merits an enhancement and some of which does not, courts resolve the resulting ambiguity by consulting reliable judicial records, such as the charging document, plea agreement, or plea colloquy.  However, we are prohibited from probing police reports or complaint applications as they would require us to inquire into the factual basis for the earlier conviction, thereby upsetting the purpose of the

categorical approach which is to avoid collateral trials.

Id. at *5-6.

## ANALYSIS

Probation added a 12-level increase on the basis that Rodriguez-Fuentes was convicted of a drug trafficking offense for which a sentence of thirteen months or less was imposed on Rodriguez-Fuentes. According to Probation's records, Rodriguez-Fuentes received a six-year straight probation sentence for a drug trafficking offense. The Court finds that there is sufficient evidence to show, by a preponderance of the evidence, the existence of the prior conviction, and to show that the prior conviction was a drug trafficking offense. The Court also finds that a sentence imposed of only probation only is not a sentence imposed of 13 months or less for a drug trafficking offense, making a 12-level enhancement pursuant to § 2L1.2(b)(1)(B) inappropriate. Finally, the Court finds that the previous conviction was an aggravated felony and will apply the 8-level enhancement pursuant to § 2L1.2(b)(1)(C).

## I.      THERE IS SUFFICIENT EVIDENCE TO SHOW THE EXISTENCE OF THE PRIOR CONVICTION.

The Tenth Circuit has held that a certified docket sheet, absent contradictory evidence by the defendant, is sufficient to show, by a preponderance of the evidence, the existence of a prior conviction. See United States v. Simpson, 94 F.3d at 1381. Probation has provided the Court with the Colorado District Court's certified Official Court Record which shows that on January 21, 2003, the Defendant entered a plea to Count I. See Official Court Record, Martinez-Fuentes, at 3. It also shows that Count I was brought under 18-18-405(1), and (2)(a) of the Colorado Statute. See Official Court Record, Martinez-Fuentes, at 1. Count I of the Information is a charge of "Conspiracy to

Distribute and Sell a Schedule II Controlled Substance." Information, <u>Martinez-Fuentes</u>, at 1, filed

October 7, 2002. Additionally, an Order to Close Probation Supervision was entered in the Colorado

case upon a petition by probation that shows that the Defendant was granted probation for 6 years

for the crime of Distribution of a Controlled Substance. <u>See</u> Petition and Order to Close Probation

Supervision, <u>Martinez-Fuentes</u>, at 1, filed March 3, 2003. The records before the Court show by a

preponderance of the evidence the existence of Rodriguez-Fuentes' guilty plea to a violation of Colo.

Rev. Stat. 18-18-405.

## II.   THE RECORD BEFORE THE COURT IS SUFFICIENT TO PROVE THAT <u>RODRIGUEZ-FUENTES ENGAGED IN A "DRUG TRAFFICKING OFFENSE."</u>

Rodriguez-Fuentes objects to the characterization of his prior conviction as a "drug trafficking

offense" and asserts that there are no documents that meet the requirements described in <u>Taylor v.

United States</u>, 495 U.S. 575 (1990), to determine whether the previous conviction was a drug

trafficking offense. Objections to the PSR ¶ 2, at 2-3.

The Court must look at what the state law prohibits rather than on the defendant's underlying

conduct to determine whether the prior conviction was a drug trafficking offense. <u>See</u> <u>United States

v. Herrera-Roldan</u>, 414 F.3d at 1241. In determining whether the prior conviction was a drug

trafficking offense, the Court applies the categorical approach. <u>See</u> <u>id.</u> The Court first looks at the

terms of the underlying statute of conviction. Here, Rodriguez-Fuentes pled to a violation of 18-18-

405, which provides:

> [I]t is unlawful for any person knowingly to manufacture, dispense, sell, distribute,
> <u>possess</u>, or to possess with intent to manufacture, dispense, sell, or distribute a
> controlled substance; or induce, attempt to induce, or conspire with one or more other
> persons, to manufacture, dispense, sell, distribute, possess, or possess with intent to
> manufacture, dispense, sell, or distribute a controlled substance; or possess one or
> more chemicals or supplies or equipment with intent to manufacture a controlled

substance.

Colo. Rev. Stat. § 18-18-405 (2005).

The statute here "reaches a broad range of conduct, some of which merits an enhancement and some of which does not" -- simple possession. United States v. Treto-Banuelos, 2006 U.S. App. LEXIS 3053, at *5-6. Because the statute includes simple possession -- not a drug trafficking offense -- as well as conduct that does constitute drug trafficking, the Court will next look at any reliable judicial records to resolve the ambiguity. Probation provided to the Court on April 11, 2006, via facsimile, the charging Information, which is an appropriate document to review to resolve any ambiguities. See id. ("[C]ourts resolve the resulting ambiguity by consulting reliable judicial records, such as the charging document, plea agreement, or plea colloquy."). Here, the Information, which is a charging document, shows that Count I was a charge of "Conspiracy to Distribute and Sell a Schedule II Controlled Substance." Information at 1. The Information provides as to Count I:

> On or about September 23, 2002, Carlos Martinez-Fuentes did unlawfully, feloniously, and knowingly induce and attempt to induce and conspire with Miguel Martinez . . . to distribute and sell 2.8 grams of cocaine (a compound derivative and preparation of coca leaves), a schedule II controlled substance in violation of Colorado Revised Statutes 18-18-405 . . . .

Information at 1.

The charging document shows that the prior conviction was not for mere possession, but rather was a drug trafficking offense as Rodriguez-Fuentes pled to Count I -- Defendant induced and attempted to induce and conspire with another person to distribute and sell cocaine. See Information at 1. Therefore, the prior conviction is properly characterized as a drug trafficking offense pursuant to U.S.S.G. § 2L1.2(b)(1)(B).

-10-

### III.    A SENTENCE OF PROBATION ONLY IS NOT A SENTENCE IMPOSED UNDER SECTION 2L1.2(b)(1)(B).

Rodriguez-Fuentes contends that, because he was sentenced to probation only, there was no period of incarceration or sentence of imprisonment. See Objections to PSR ¶ 1, at 1-2. Because there was no period of incarceration or sentence of imprisonment, Rodriguez-Fuentes argues that § 2L1.2(b)(1)(B) does not apply. See id. The Court agrees with Rodriguez-Fuentes.

Section 2L1.2(b)(1)(B) states that a 12-level enhancement applies to a drug trafficking felony for which the "sentence imposed was 13 months or less." "Sentence imposed" is given the same meaning by the Guidelines as the term "sentence of imprisonment." U.S.S.G. § 2L1.2(b)(1)(B) Application Note 1(B)(vii). Under § 4A1.2(b) "sentence of imprisonment," means a sentence of incarceration and refers to the maximum sentence imposed. Section 4A1.2's application note 2 states: "To qualify as a sentence of imprisonment, the defendant must have actually served a period of imprisonment on such sentence (or, if the defendant escaped, would have served time)." "Sentence imposed," as defined by "sentence of imprisonment," requires that a period of imprisonment was actually served.

Thus, a plain reading of U.S.S.G. § 2L1.2(b)(1)(B) indicates that a twelve-level enhancement is applicable only if a defendant served some period of imprisonment of 13 months or less. A sentence of just probation is not a sentence of imprisonment. Cf. United States v. Gonzalez-Coronado, 419 F.3d 1090, 1094 (10th Cir. 2005)("[W]e have held . . . that a sentence directly to probation for a one- to two-year period is not a one-year prison term.")(citation omitted). Because a sentence directly to probation is not a sentence of imprisonment, it is also not a sentence imposed of 13 months or less. Any other reading of the Guidelines would render the Guideline's

-11-

clarifying definition inapplicable, and would be inconsistent with a plain reading of the Guidelines.

The Commission could have easily written the Guidelines to include drug trafficking felonies where no sentence of imprisonment occurred.  For example, the Guidelines could have provided for a 16-level enhancement for any drug trafficking offense resulting in a sentence of imprisonment of 13 months or more, and then could have stated that a 12-level enhancement applies to "all other drug trafficking felonies."   The Guidelines were not drafted that way, however, and instead include a requirement of sentence imposed as defined by a period of imprisonment.

Two courts have directly addressed this issue.  See United States v. Mullings, 330 F.3d 123, 125 (2d Cir. 2003)("Zero is clearly a number 'more limited' than thirteen, and a conviction resulting in a non-custodial, zero-month sentence is therefore included in the plain meaning of subsection (B), applying to convictions for which the 'sentence imposed was 13 months or less.'"); United States v. Cordero, 256 F. Supp. 2d 1378, 1381 (N.D. Ga. 2003)("[D]efendant's 'sentence imposed' here was zero (0).  'Zero' is clearly a number less than '13,' . . . . As defendant's sentence imposed -- 0 months -- is less than 13 months, defendant should receive a 12-level enhancement under § 2L1.2(b)(1)(B).").  One court relied on United States v. Mullings, to state in dicta that "[a] sentence of probation, with or without the two months' incarceration, by definition is a sentence of 13 months of less.  Hernandez received a sentence of either two months or zero months; either way, his sentence was 13 months or less."  United States v. Hernandez-Valdovinos, 352 F.3d 1243, 1249 (9th Cir. 2003).  The Court is not aware of other cases that have directly addressed this issue.

Although both courts that directly addressed this issue found that a sentence directly to probation and a sentence of a monetary fine were sufficient to trigger the 12-level enhancement, it is not clear which version of the Sentencing Guidelines the courts were interpreting.  Neither court

-12-

addressed the definition of "sentence of imprisonment" when interpreting § 2L1.2(b)(1)(B), as the 2004 Sentencing Guidelines directs. Both cases were decided in 2003, and it is therefore possible that they were applying the Sentencing Guidelines for the year 2002 or earlier. Section 2L1.2(b)(1)(B)'s direction to refer to the definition of sentence of imprisonment in § 4A1.2 application note 2 to define sentence imposed first appeared in the 2003 Sentencing Guidelines and does not appear in previous years. The findings of both courts may be reasonable under the pre-2003 Sentencing Guidelines. Section 2L1.2(b)(1)(B)'s direction to refer to the definition of "sentence of imprisonment" in § 4A1.2 application note 2 as presented in the Sentencing Guidelines in 2003 and after, however, directs this Court to find differently.

The Court does not believe that a sentence of direct probation is a "sentence of imprisonment" of 13 months or less. A sentence of direct probation or a monetary fine may be a "sentence imposed" of zero months -- when not defined by the term "sentence of imprisonment"-- as the courts in United States v. Mullings, 330 F.3d at 125, and United States v. Cordero, 256 F. Supp. 2d at 1381, found. A sentence of direct probation, however, is not a "sentence imposed" -- as defined by a "sentence of imprisonment" of zero -- because in such instance, a sentence of imprisonment does not exist at all.

## IV. THE COURT WILL APPLY THE 8-LEVEL ENHANCEMENT PURSUANT TO § 2L1.2(b)(1)(C) BECAUSE THE PREVIOUS CONVICTION WAS AN AGGRAVATED FELONY.

Section 2L1.2(b)(1)(C) provides that an 8-level enhancement applies if a defendant was previously deported after "a conviction for an aggravated felony." "Aggravated felony" has the meaning given that term in 8 U.S.C. § 1101(a)(43). Section 2L1.2 application note 3(A). 8 U.S.C. § 1101(a)(43) includes, in its definition of aggravated felony, "illicit trafficking in a controlled substance (as defined in section 102 of the Controlled Substances Act [21 USCS § 802]), including

a drug trafficking crime (as defined in section 924(c) of title 18, United States Code)," as well as "an attempt or conspiracy to commit an offense described in [] paragraph [43]."

18 U.S.C. § 924(c)(2) defines a drug trafficking crime as including "any felony punishable under the Controlled Substances Act." Thus, Rodriguez-Fuentes' prior felony conviction is an aggravated felony if it is "(1) a felony under [Colorado] law and (2) punishable under the Controlled Substances Act." United States v. Herrera-Roldan, 414 F.3d at 1243 (citations and internal quotations omitted). Rodriguez-Fuentes' prior conviction is both. Rodriguez-Fuentes pled to Count I, which is a charge of a "Conspiracy to Distribute and Sell a Schedule II Controlled Substance." Information at 1. Colo. Rev. Stat. 18-18-405 makes it a felony to sell or distribute a controlled substance. The Controlled Substances Act punishes the distribution of a controlled substance, as well as the conspiracy to distribute a controlled substance. See 21 U.S.C. § 841(a)(1), § 846(a)(1), and § 812. Thus, Rodriguez-Fuentes' previous conviction is appropriately categorized as an "aggravated felony" under § 2L1.2(b)(1)(C).

Rodriguez-Fuentes does not contend, in his objections, that his prior conviction does not meet the definition of an aggravated felony, but rather he argues that the United States cannot prove the existence of the felony and that, because he was sentenced directly to probation, the conviction is not an aggravated felony. See Objections to the PSR ¶ 2, at 2. First, the Court has already addressed the issue of the existence of the prior felony, and believes that the documents before the Court sufficiently prove the existence of the prior conviction and the nature of such conviction. Second, the cases to which Rodriguez-Fuentes cites, see United States v. Banda-Zamora, 178 F.3d 728 (5th Cir. 1999); United States v. Guzman-Bera, 216 F.3d 1019 (11th Cir. 2000), are not relevant to the current definition of aggravated felony before the Court. In those cases to which Rodriguez-Fuentes cites

-14-

that hold that a term of probation, alone, is not an aggravated felony, the courts were interpreting the definition of a "crime of violence" and a theft or burglary offense, as defined by 8 U.S.C. § (a)(43). United States v. Banda-Zamora, 178 F.3d at 729 (interpreting "crime of violence"); United States v. Guzman-Bera, 216 F.3d at 1020 (interpreting theft or burglary).  A "crime of violence," as well as a theft of burglary offense under 8 U.S.C. § (a)(43), are aggravated felonies only if the term of imprisonment is at least one year.  8 U.S.C. § (a)(43)(F) and (G).  Courts have held that a sentence of probation only is not a term of imprisonment of at least one year.  See United States v. Banda-Zamora, 178 F.3d at 729; United States v. Guzman-Bera, 216 F.3d at 1020; United States v. Gonzalez-Coronado, 419 F.3d 1090, 1093 (10th Cir. 2005)(interpreting "crime of violence").

Under 8 U.S.C. § (a)(43)(B), the provision making drug trafficking an aggravated felony does not have similarly confining language concerning a term of imprisonment of at least one year. Rodriguez-Fuentes pled to a crime that fits the definition of an aggravated felony, and the Court will therefore apply the 8-level enhancement.

**IT IS ORDERED** that the Defendant's Objections to the PSR are sustained in part and overruled in part.  The Court will apply an 8-level enhancement pursuant to § 2L1.2(b)(1)(C), but will not apply a 12-level enhancement pursuant to § 2L1.2(b)(1)(B).

_____
UNITED STATES DISTRICT JUDGE

-15-

*Counsel:*

David C. Iglesias
    United States Attorney for the
        District of New Mexico
James D. Tierney
William J. Pflugrath
    Assistant United States Attorneys for the
        District of New Mexico
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Francisco Velasquez
Albuquerque, New Mexico

    *Attorney for the Defendant Carlos Rodriguez-Fuentes*